IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

ASHLEY BROOKE NEESE,

    Plaintiff,

v.                                CIVIL ACTION NO.   7:20-cv-00260

WILLIAM P. BARR, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. [ECF No. 5]. For the reasons stated below, Defendant's Motion is **GRANTED**.

### I.   Facts and Procedural History

Plaintiff, a former Assistant United States Attorney ("AUSA"), filed a Complaint on May 4, 2020, against the Department of Justice and various DOJ officials alleging employment actions that violated her Fifth Amendment Due Process rights. [ECF No. 1]. Plaintiff was working as an AUSA in the criminal division of the Western District of Virginia when she was abruptly put on leave based on complaints alleging impropriety during an investigation. [ECF No. 1], at 5. When she was finally permitted to return to work, she was reassigned to the civil division, was given only limited access to the building, limited access to her files, and limited access to

resources. [ECF No. 1], at 17–20. Plaintiff also believed that the assignments she received in the civil division were those that should have been given to a law school intern rather than an experienced attorney like herself. [ECF No. 1], at 20. Plaintiff, feeling that her work situation had become intolerable, ultimately resigned. [ECF No. 1], at 24.

Plaintiff requests to be reinstated to her previous position as an AUSA in the criminal division with back pay. [ECF No. 1], at 30–34. Specifically, Plaintiff alleges that Defendant violated her due process rights by not following statutory requirements when putting her on indefinite leave. [ECF No. 1], at 30–31, and by not following statutory requirements for her termination, [ECF No. 1], at 31–32.

Defendant filed a timely Motion to Dismiss, [ECF No. 5], arguing, among other things, that this court lacks jurisdiction because Congress has precluded judicial review of certain employment actions covered by the Civil Service Reform Act (the "Service Act"). 5 U.S.C. § 1201 *et seq.*

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir.1986), *rejected on other grounds*, *Sheridan v. United States*, 487

U.S. 392 (1988). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id.* If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id.*

On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."[1] *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991) (citing *Adams v. Bain*, 697 F.2d 1213,1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citations omitted). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citations omitted).[2]

---

[1] *Compare Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (holding that if a motion implicates the merits of a cause of action, the district court should find jurisdiction exists and treat the objection as a direct attack on the merits of the plaintiff's case). *See also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982) (recognizing that "in those cases where the jurisdictional facts are intertwined with the facts central to the merits of the dispute[,] [i]t is the better view that . . . the entire factual dispute is appropriately resolved only by a proceeding on the merits." (citations omitted)).

[2] *See also Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (discussing difference between facial and factual attacks under Rule 12(b)(1);

3

Defendant has presented a facial challenge to jurisdiction, arguing that, even assuming all of Plaintiff's allegations to be true, the Service Act precludes district court jurisdiction. [ECF No. 6], at 3–4. The Service Act "established a comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 455 (1988). The scheme established by the Service Act applies when a covered employee is subject to a reviewable action. 5 U.S.C. §§ 7511, 7512 (2018). Covered employees are any employees in the "competitive service" or the "excepted service." § 7511. A "reviewable action" is one listed in § 7512, including removal or suspension for more than 14 days. § 7512. This list has been interpreted to include "constructive removal." *Braun v. Dep't of Veterans Affs.*, 50 F.3d 1005, 1007 (Fed. Cir. 1995). The Service Act grants a covered employee the right to appeal a reviewable action directly to the Merit Systems Protection Board (the "Board"). § 7513(d). If the employee does not receive a favorable decision from the Board, she can appeal the decision to the United States Court of Appeals for the Federal Circuit. § 7703(b)(1)(A).

Some, less serious employment actions that are not covered by 5 U.S.C. § 7512 are considered "prohibited personnel practices." *Fleming v. Spencer*, 718 F. App'x 185, 186 (4th Cir. 2018). "Prohibited personnel practices" includes constitutional violations. *Id.*; § 2301(b)(2). A constitutional violation should be reported to the Office of Special Counsel. § 1214(a)(1)(A). If the Special Counsel determines that there is a constitutional violation, it reports the violation to the agency and to the Board. §

---

*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (same).

1214(b)(2)(B). If the agency fails to correct the practice, the Special Counsel may petition the Board for an order mandating corrective action. § 1214(b)(2)(C). If the employee does not receive a favorable decision from the Board, she can appeal the decision to the Federal Circuit. §§ 1214(c), 7703(b). If the Special Counsel, upon learning of the violation, decides not to pursue the complaint, the Service Act does not allow any administrative or judicial review of that action. *Fleming*, 718 F. App'x at 187.

The Supreme Court has made it clear that the Service Act precludes district court review over claims subject to the Service Act even when they are "constitutional claims for equitable relief. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 8 (2012). That a claim is for equitable relief from a constitutional violation does not take it out of the jurisdiction of the Board, and later the Federal Circuit, as the Board "routinely adjudicate[s] some constitutional claims such as claims that an agency took adverse employment action in violation an employee's [constitutional] rights." *Id.* at 12. Equitable relief like reinstatement and backpay "are precisely the kinds of relief that [the Service Act] empower[s] [the Board] and the Federal Circuit to provide. *Id.* at 22. The Service Act's "exclusivity does not turn on the constitutional nature of an employee's claim, but rather on the type of the employee and the challenged employment action." *Id.* at 15.

In *Fausto*, the Supreme Court clarified that even when the Service Act does not provide a path to judicial review of some employment actions, the Service Act

5

remains exclusive and precludes judicial review of the action. *See Fausto*, 484 U.S. at 455.

## III. Discussion

The first question in determining whether the Service Act precludes jurisdiction of this court is whether Plaintiff is a covered employee. Plaintiff was an AUSA in the Western District of Virginia. AUSAs are considered "excepted service" employees for the purpose of the Service Act and are therefore subject to its scheme. 5 U.S.C. § 213.3102; *Hamlett v. Dep't of Justice*, 90 M.S.R.P. 674, 675 n.1 (Merit Sys. Prot. Bd. 2002). Plaintiff also concedes that she is an employee subject to the Service Act. [ECF No. 13], at 19. With this question resolved in the affirmative, the second question is whether the employment actions are those considered by the Service Act.

The two employment actions raised by Plaintiff are when Defendant placed her on indefinite leave, and her alleged constructive termination from her position as an AUSA. First, addressing the administrative leave, Plaintiff was placed on administrative leave for 11 days. While suspension for more than 14 days is considered a major employment action, suspension for less than 14 days is not covered by 5 U.S.C. § 7512. Therefore, the alleged suspension in violation of Plaintiff's due process rights would be examined as a prohibited personnel practice. As I explained above, constitutional violations that do not amount to one of the five acts listed under § 7512 must be reported to the Office of the Special Counsel. The Special Counsel would then make a determination about whether a violation has occurred and potentially bring the matter to the Board if the agency in question does not respond

6

to an order for corrective action. If the Special Counsel decides not to act on the matter, there is no further option for administrative or judicial review.

Turning to Plaintiff's second alleged employment action, a constructive discharge from the United States Attorney Office is considered a major action under 5 U.S.C. § 7512. *See Braun v. Dep't of Veterans Affs*, 50 F.3d 1005, 1007 (Fed. Cir. 1995). Therefore, Plaintiff should have brought this claim directly to the Board and, if dissatisfied with its ruling, to the Federal Circuit.

All of Plaintiff's allegations are those considered by the Service Act. The Office of the Special Counsel or the Board, and ultimately the Federal Circuit, would be the appropriate place for these claims to be directed. Therefore, under *Fausto* and *Elgin*, this court lacks subject-matter jurisdiction over these claims.

## IV. Conclusion

I **FIND** that the Board's jurisdiction over these claims is exclusive and therefore the court has no jurisdiction in this matter. There is no allegation that the Court has jurisdiction over pursuant to 28 U.S.C. § 1332 or any other law. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, [ECF No. 5], is **GRANTED**. Accordingly, Plaintiff's Complaint, [ECF No. 1], is **DISMISSED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 28, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE